897 So.2d 38 (2004)
Jimmy CAVALIER and Elizabeth Cavalier
v.
RIVERE'S TRUCKING, INC., Bronson J. Coupel and New Hampshire Insurance Company.
No. 2003 CA 2197.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*39 Marvin Gros, Donaldsonville, for Plaintiffs/Appellants, Jimmy and Elizabeth Cavalier.
Michael B. Alker, Covington, for Defendant/Appellee, Audubon Indemnity Company.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the Twenty-third Judicial District Court in Assumption Parish. Plaintiff, Jimmy Cavalier, was involved in an automobile accident on October 13, 1999. He was a guest passenger in an automobile owned and operated by Michael Pintado when a tractor-trailer loaded with sugarcane that was owned by Rivere's Trucking, Inc. ("Rivere's Trucking") and driven by Bronson Coupel, an employee of Rivere's Trucking, pulled out onto the roadway in front of Pintado's vehicle. Pintado's vehicle then collided with the tractor-trailer, and Cavalier was seriously injured.
In addition to filing suit against Coupel and Rivere's Trucking, Cavalier and his wife, Elizabeth, also named as defendants Glenwood Cooperative ("Glenwood"), a sugar mill to whom Coupel was allegedly delivering sugarcane, and Audubon Insurance Company, Glenwood's commercial automobile liability insurer. The Cavaliers contended that because Coupel was delivering sugarcane to Glenwood's sugar mill, Glenwood was vicariously liable for Coupel's negligence.
Glenwood filed a motion for summary judgment, contending that it was not vicariously liable for Coupel's actions, and Audubon filed a motion for summary judgment, contending that it did not provide coverage to Rivere's Trucking or to Coupel. By judgment dated September 24, 2002, the trial court granted Glenwood's motion and dismissed the Cavaliers' claims against Glenwood with prejudice.[1] No appeal *40 or supervisory writ was taken from this judgment.
Thereafter, Audubon filed a second motion for summary judgment, seeking full dismissal of the Cavaliers' claims against it on the basis that because Glenwood, the only named insured under the policy, had been dismissed, Audubon provided no coverage for the Cavaliers' claims. By judgment dated February 26, 2003, the trial court granted Audubon's motion for summary judgment and dismissed the Cavaliers' claims against it with prejudice. From this judgment, the Cavaliers appeal.
On appeal, the Cavaliers contend that the trial court committed a procedural legal error in its earlier September 24, 2002 judgment dismissing Glenwood Cooperative from the suit where the dismissal allegedly occurred prior to Glenwood answering the Cavaliers' first supplemental and amending petition. Additionally, the Cavaliers contend that the trial court erred as a matter of law in granting Audubon's second motion for summary judgment and dismissing their claims against it where a genuine issue of material fact exists as to whether the policy afforded coverage under the "non-owned vehicles" portion of the policy.
Regarding the Cavaliers' challenge to the September 24, 2002 judgment granting Glenwood's motion for summary judgment and dismissing it with prejudice, as noted above, no appeal was taken from that judgment. A judgment that dismisses a party from a suit without adjudicating all of the issues in a case is a partial final judgment subject to immediate appeal pursuant to LSA-C.C.P. art. 1915(A)(1) without the need of the trial court's certification as such. Motorola, Inc. v. Associated Indemnity Corporation, XXXX-XXXX, pp. 10-11 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 721 (en banc). The September 24, 2002 judgment dismissed Glenwood from the suit with prejudice, and, accordingly, the judgment was a partial final judgment subject to immediate appeal under LSA-C.C.P. art. 1915(A)(1) and (A)(3). This judgment was rendered almost six months prior to the filing of the motion for appeal, and that motion for appeal sought an appeal from the February 26, 2003 judgment only. Accordingly, because no timely appeal was taken from the September 24, 2002 judgment, this court lacks jurisdiction with regard to any issues concerning the propriety of that judgment.[2]
With regard to the Cavaliers' argument that a genuine issue of material fact exists as to whether the Audubon policy issued to Glenwood afforded coverage under the "non-owned vehicles" portion of the policy, we likewise find no merit. The Cavaliers assert that the deposition testimony of Leo Sternfels, Audubon's insurance agent, sets forth material facts to establish coverage of the tractor-trailer, owned by Rivere's Trucking and operated by Coupel, through the policy issued to Glenwood.
They rely on Sternfels' statements that when the named insured (Glenwood) is *41 covered, then a non-owned vehicle used in the scope of its business would be covered. They further contend that under the factors to be considered in determining whether an employer is vicariously liable for the negligent acts of its employee as set forth in Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, Glenwood should be held vicariously liable for any liability of Rivere's Trucking based on the control Glenwood exercised over Rivere's Trucking. Thus, they argue, based on Sternfels' testimony and consideration of the Orgeron factors governing vicarious liability, it is clear that "non-owned vehicle" coverage should apply herein.
At the outset, we note that the named insured in the commercial automobile liability policy at issue is Glenwood. Moreover, with regard to liability coverage, the policy specifically states, "We will pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto'." (Emphasis added).
By virtue of the September 24, 2002 judgment, the court dismissed the Cavaliers' claims against Glenwood (the insured under the Audubon policy) with prejudice. Thus, any claim of vicarious liability of Glenwood has already been finally disposed of by dismissal. And, a dismissal with prejudice has the effect of a final judgment on the merits. Dupre v. Floyd, 02-0153, p. 3 (La.App. 1st Cir.12/20/02), 845 So.2d 370, 371. Accordingly, there could be no sums that the insured (Glenwood) would be legally obligated to pay and, consequently, no sums for which Audubon would then be liable to pay under the policy. A liability insurer cannot be liable for claims against its insured when, substantively, the insured itself is relieved of liability. Adams v. Thomason, 32,728, pp. 5-7 (La.App. 2nd Cir.3/1/00), 753 So.2d 416, 420-421, writ denied, XXXX-XXXX (La.6/16/00), 764 So.2d 965; Bourque v. Lehmann Lathe, Inc., A Division of Smith International, Inc., 476 So.2d 1129, 1131 (La.App. 3rd Cir.), writ denied, 479 So.2d 362 (La.1985).
In Adams, a similar factual situation was involved, wherein the plaintiff was struck by a cotton trailer and sought to recover from the business automobile insurer of the cotton gin to whom the truck driver was delivering cotton. In finding no coverage, the appellate court noted that the truck driver was not an employee of the cotton gin, and, consequently, the cotton gin had no vicarious liability for the truck driver's negligence. Accordingly, the court concluded that the insurer also had no liability to the plaintiff where the policy obligated the insurer to pay only those sums which its insured was legally required to pay. Adams, 32,728 at p. 7, 753 So.2d at 421. The court reasoned, "To hold otherwise would ... be tantamount to providing coverage under the gin's policy to any vehicle driven by any person to transport cotton to the gin. Such overwhelmingly expansive coverage was clearly not intended by the parties to the insurance contract." Adams, 32,728 at p. 7, 753 So.2d at 421.
Likewise, we conclude that the trial court was legally correct in its determination that Audubon had no liability to plaintiffs where its insured, Glenwood, had no legal obligation to pay any damages to the Cavaliers. Because the insured had no liability herein, the question of whether the tractor-trailer owned by Rivere's Trucking qualified as a "covered auto" under the "non-owned vehicle" portion of the policy is simply never reached.
Accordingly, after a thorough review of the record and the relevant jurisprudence, *42 we find that the trial court's judgment is well supported in fact and in law and that the record demonstrates that Audubon was entitled to judgment in its favor, dismissing the Cavaliers' claims against it as a matter of law. Thus, the February 26, 2003 judgment is affirmed. Costs of this appeal are assessed against plaintiffs, Jimmy and Elizabeth Cavalier.
AFFIRMED.
NOTES
[1] Although the minute entry for the date of the hearing on the motion for summary judgment indicates that the trial court granted both Glenwood's and Audubon's motions for summary judgment, the September 24, 2002 judgment disposes of only Glenwood's motion.
[2] We note nonetheless that the argument set forth by the Cavaliers as to the September 24, 2002 judgment is incorrect. Specifically, the Cavaliers contend that the trial court committed a procedural error in granting Glenwood's motion for summary judgment prior to Glenwood's having filed an answer to their first supplemental and amending petition. However, a review of the record reveals that on October 6, 2000, Glenwood filed an answer to the Cavaliers' original and first supplemental and amending petitions. Thereafter, Glenwood's motion for summary judgment was filed on December 4, 2001. Clearly, this argument has no merit. Additionally, we note that while a plaintiff's motion for summary judgment may be filed only after an answer is filed, a defendant's motion for summary judgment may be filed at any time. LSA-C.C.P. art. 966(A)(1).