NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-744


ARLENE SQUYRES

VERSUS

OUR LADY OF LOURDES REGIONAL
MEDICAL CENTER, INC., ET AL.


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-5872
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

REVERSED AND RENDERED.

Terry L. Rowe
Attorney at Law
P. O. Box 3323
Lafayette, LA 70502
(337) 232-4744
Counsel for Defendant/Appellee:
    Karen Kemzuro

Kenneth W. DeJean
Attorney at Law
P. O. Box 4325
Lafayette, LA 70502
(337) 235-5294
Counsel for Plaintiff/Appellant:
    Arlene Squyres

**Patrick M. Wartelle**
**Roy, Bivins, Judice, Roberts & Wartelle**
**P. O. Drawer Z**
**Lafayette, LA 70501**
**(337) 233-7430**
**Counsel for Defendants/Appellees:**
      **Our Lady of Lourdes Regional**
        **Medical Center, Inc.**
      **Karen Kemzuro**
      **Monique Joseph**
      **Catherine Vaughtsteinmann**

**DECUIR, Judge.**

In this medical malpractice case, the plaintiff appeals the trial court's grant of summary judgment in favor of the defendants.

## FACTS

On January 9, 2003, Joseph Squyres was admitted to Our Lady of Lourdes Regional Medical Center, Inc. (Lourdes) and underwent a total knee replacement. Squyres was scheduled to be released on January 13, 2003. On January 12, 2003, Squyres complained of mild pain in the knee. At 8:00 p.m., he was given Ambien to help him rest and Percocet to ease the pain. Both medications were administered by employees of Lourdes. At 11:00 p.m., 4 mg of Dilaudid was administered by the Lourdes staff. At 12:30 a.m. on January 13, 2003, Squyres went into cardiorespiratory arrest and was administered CPR and placed on a ventilator in ICU.

On July 13, 2003, a petition for a medical review panel was filed. Squyres died on February 4, 2004. The panel reached a decision on October 5, 2004. Thereafter, Arlene Squyres, on behalf of the Estate of Joseph Squyres, filed suit against Lourdes, its staff members individually, and the treating physician. The physician was dismissed. Lourdes filed a motion for summary judgment which was granted by the trial court. The plaintiff filed this appeal, and Lourdes filed a motion to dismiss the appeal.

## MOTION TO DISMISS APPEAL

Lourdes contends this appeal should be dismissed because the judgment of the trial court was not immediately appealable because it did not dismiss all the parties to the suit. "A judgment that dismisses a party from a suit without adjudicating all of the issues in a case is a partial final judgment subject to immediate appeal pursuant to LSA-C.C.P. art. 1915(A)(1) without the need of the trial court's certification as

such." *Cavalier v. Rivere's Trucking, Inc.*, 03-2197, p. 3 ( La.App. 1 Cir. 9/17/04), 897 So.2d 38, 40. The judgment herein dismissed Lourdes and its employees from the suit with prejudice, and, accordingly, the judgment was a partial final judgment subject to immediate appeal under La.Code Civ.P. art. 1915(A)(1) and (A)(3). The motion to dismiss the appeal is denied.

## EXPERT TESTIMONY

The plaintiff contends the trial court erred in granting Lourdes' motion for summary judgment. Specifically, the plaintiff argues that the trial court erred in finding that a nurse was not qualified to testify as to the standard of care. Lourdes counters that the trial court did not find that a nurse could not testify as to standard of care but that a nurse cannot testify as to medical causation. Accordingly, Lourdes argues that the trial court properly granted the motion for summary judgment because the plaintiff failed to present expert testimony as to medical causation of Squyres' death. Whichever the case, we find that the trial court erred in granting the motion for summary judgment. The cases cited by the plaintiff demonstrate that the testimony of a nurse can establish the standard of care. *Coleman v. Christian Home Health Care,* 99-2948 (La.App. 4 Cir. 4/11/01), 786 So.2d 819; *Cagnolatti v. Hightower*, 95-2598, 95-2599 (La.App. 4 Cir. 12/11/96), 692 So.2d 1104. This court has held that for the purpose of summary judgment, expert testimony is not required to prove that a patient's death is causally connected to the defendant's conduct. *Browning v. W. Calcasieu Cameron Hosp.*, 03-332 (La.App. 3 Cir. 11/12/03), 865 So.2d 795, *writ denied*, 03-3354 (La. 2/13/04), 867 So.2d 691. Accordingly, we find the presented sufficient evidence to rebut Lourdes' assertion that there are no genuine issues of material fact in dispute.

2

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings.  All costs are taxed to appellee, Our Lady of Lourdes Regional Medical Center, Inc.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.

3