NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-119

NINA SKINNER, INDIVIDUALLY AND ON BEHALF OF HER MINOR
CHILDREN, NOAH DANYAEL SKINNER, WILLIAM PETER SKINNER,
AND MICHAEL ALISTER SKINNER

VERSUS

THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, ET AL.

**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18418
HONORABLE PENELOPE QUINN RICHARD, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

MOTION TO PARTIALLY DISMISS APPEAL GRANTED.

Gus A. Fritchie, III
Irwin Fritchie Urquhart & Moore, L.L.C.
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
(504) 310-2100
Counsel for Defendant/Appellee:
        Valley Forge Insurance Company

**Dan Boudreaux**
**Keith R. Giardina Law Offices**
**9100 Bluebonnet, Suite 300**
**Baton Rouge, Louisiana  70809**
**(225) 293-7272**
**Counsel for Defendant/Appellee:**
> **Liberty Mutual Insurance Company**

**Michael W. Landry**
**Assistant Attorney General**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, Louisiana  70629**
**(337) 491-2880**
**Counsel for Defendant/Appellant:**
> **State of Louisiana, through the Department of Transportation and**
> **Development**

**Barry A. Roach**
**Larry A. Roach, Inc.**
**2917 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 433-8504**
**Counsel for Plaintiffs/Appellants:**
> **Nina Skinner, Individually and on Behalf of her Minor Children,**
> **Noah Danyael Skinner, William Peter Skinner, and Michael Alister**
> **Skinner**

**James David Cain, Jr.**
**Loftin, Cain, Gabb & LeBlanc**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, Louisiana  70601**
**(337) 310-4300**
**Counsel for Plaintiffs/Appellants:**
> **Nina Skinner, Individually and on Behalf of her Minor Children,**
> **Noah Danyael Skinner, William Peter Skinner, and Michael Alister**
> **Skinner**

**KEATY, Judge.**

The Third-Party Defendant/Appellee, Valley Forge Insurance Company (VFIC), moves to dismiss the appeal only as it pertains to the summary judgment granted in favor of VFIC on November 18, 2010. For the reasons given herein, we hereby grant the motion for partial dismissal of the appeal.

This case involves a wrongful death and survival action which Plaintiff, Nina Skinner, filed individually and on behalf of her three minor children. Plaintiff's husband, Bryan Skinner, was killed in an automobile accident which occurred while he was driving a concrete truck in the course and scope of his employment with Dunham-Price, Inc. As a result of the accident, Plaintiff filed suit against the State of Louisiana, through the Department of Transportation and Development (DOTD). A petition in intervention was filed by Liberty Mutual Insurance Company, the workers' compensation insurer for Dunham-Price, Inc. Also, DOTD filed a third-party demand against VFIC, alleging that VFIC had a duty to defend and a duty to indemnify DOTD under a policy that it had issued to DOTD.

VFIC filed a motion for summary judgment seeking dismissal of DOTD's third-party demand on the grounds that VFIC did not provide coverage for the accident at issue and that VFIC did not owe a duty to defend DOTD. Thereafter, DOTD filed a cross-motion for summary judgment seeking to have VFIC ordered to defend DOTD in the principal demand. On September 29, 2010, the trial court conducted a hearing on both motions for summary judgment. By a judgment signed on November 18, 2010, the trial court granted VFIC's motion for summary judgment and denied DOTD's cross-motion for summary judgment. Accordingly, DOTD's third-party demand against VFIC was dismissed with prejudice. The notice of judgment was mailed on November 22, 2010.

With regard to the principal demand against DOTD, a jury trial was held from January 10, 2011 through January 13, 2011. The jury awarded Plaintiff $700,000.00

in damages, assessing fifty percent fault to DOTD and fifty percent fault to the decedent, Bryan Skinner. A judgment in accordance with the jury's verdict was signed on June 30, 2011, and the notice of judgment was mailed on July 1, 2011.

On August 3, 2011, DOTD filed a motion for appeal. In that motion, DOTD indicates that it seeks to appeal both the judgment of July 1, 2011, which the trial court rendered in accordance with the jury verdict, as well as the trial court's judgment of November 18, 2010, on the cross-motions for summary judgment. The trial court signed an order of appeal on August 4, 2011, and the appeal was lodged in this court on January 27, 2012.

At this time, VFIC has filed a motion to dismiss the appeal to the extent that it involves the trial court's judgment of November 18, 2010. VFIC points out that that judgment grants VFIC's motion for summary judgment and dismisses DOTD's third-party demand against VFIC. VFIC contends that since it was dismissed from the lawsuit with prejudice, the judgment of November 18, 2010, constitutes a final partial judgment under La.Code Civ.P. art. 1915(A)(1). As such, VFIC maintains that the judgment was immediately appealable. VFIC cites *Cavalier v. Rivere's Trucking, Inc.*, 03-2197 (La.App. 1 Cir. 9/17/04), 897 So.2d 38, in support of its assertion that when a partial judgment is rendered under La.Code Civ.P. art. 1915(A)(1), the appeal delays begin to run despite the fact that the litigation between the remaining parties is still ongoing.

VFIC argues that this court lacks jurisdiction to review the trial court's judgment of November 18, 2010, because the appeal was filed untimely as it pertains to that judgment. VFIC points out that the judgment was signed on November 18, 2010, and that the notice of judgment was mailed on November 22, 2010. VFIC maintains that since there is a seven-day delay for seeking a motion for new trial and a sixty-day delay for seeking a devolutive appeal, the DOTD needed to file its motion for devolutive appeal within sixty-seven days from the mailing of notice of judgment.

2

However, VFIC points out that DOTD did not file its motion for appeal until August 3, 2011, which was nearly nine months after the notice of judgment was mailed. Thus, VFIC asserts that DOTD's motion for devolutive appeal was untimely with regard to its attempt to appeal the November 18, 2010 judgment.

We note that, by this appeal, DOTD seeks review of two judgments rendered at separate times by the trial court. One judgment was rendered on June 30, 2011, pursuant to jury verdict following a trial on the merits of the principal demand. No challenge is being made to the timeliness of DOTD's appeal of that judgment. However, with regard to the second judgment at issue in this appeal, i.e., the judgment of November 18, 2010, which granted VFIC's motion for summary judgment and dismissed DOTD's third-party demand, VFIC argues that DOTD's appeal of that judgment should be dismissed as untimely.

We find that VFIC's arguments have merit. This court has held that "[a] judgment that dismisses a party from a suit without adjudicating all of the issues in a case is a partial final judgment subject to an immediate appeal without the need of the trial court's certification as such." *Jeansonne v. New York Life Ins. Co.*, 08-932 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160, 1168, *writ not considered*, 09-1364 (La. 9/4/09), 17 So.3d 959 (citations omitted). In the instant case, the trial court's judgment of November 18, 2010, dismissed VFIC as a party to the litigation. Accordingly, we find that VFIC is correct in its assertion that that judgment is a partial final judgment under La.Code Civ.P. art. 1915(A)(1). As such, the judgment dismissing VFIC was immediately appealable, without a need for certification, despite the fact that the litigation continued as to the other parties.

Pursuant to La.Code Civ.P. art. 2087(A), if no application for new trial is filed, the sixty-day delay for taking a devolutive appeal commences to run after the expiration of the delay for filing a motion for new trial. Louisiana Code of Civil Procedure Article 1974 provides that "[t]he delay for applying for a new trial shall be

3

seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In the instant case, one of the judgments sought to be appealed was signed on November 18, 2010, and the notice of that judgment was mailed on November 22, 2010. Although DOTD had until December 3, 2010, to apply for a new trial with regard to that judgment, it did not do so. Thus, the sixty-day delay for seeking a devolutive appeal from the judgment of November 18, 2010, expired on February 1, 2011. As such, we find that the motion for appeal, which Appellant filed on August 3, 2011, was untimely as it relates to the judgment of November 18, 2010.

For the foregoing reasons, we dismiss the appeal to the extent that it seeks review of the trial court's judgment of November 18, 2010. Thus, we grant VFIC's motion seeking partial dismissal of the appeal. In all other respects, the appeal is maintained.

**MOTION TO PARTIALLY DISMISS APPEAL GRANTED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.