# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 CA 0257

# ALICIA BRISCO BAILEY

# VERSUS

# WILLIAM "BEAU" CLARK, ET AL

**Judgment Rendered:** MAY 1 2 2021

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C686857

Honorable Trudy M. White, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Alicia Brisco Bailey<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>In Proper Person |
| Jude Bourque<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Aniedi Udofa, M.D. & Scott Meche, M.D. |
| Thomas R. Temple, Jr.<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Matthew Guillory, M.D. |
| Karen Fontana Young<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>Lannis Lee Tynes, M.D. |
| Ann Halphen<br>Amy C. Lambert<br>L. Adam Thames<br>Ne'Shira D. Millender<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Michael Loewe, M.D., Margaret Finly, NP<br>and Raynando Banks, M.D. |

\* \* \* \* \* \*

**BEFORE: McCLENDON, HOLDRIDGE, AND LANIER, JJ.**

**McCLENDON, J.**

Plaintiff appeals a trial court judgment sustaining the declinatory exception raising the objection of *lis pendens* and dismissing plaintiff's claims against defendant. For the reasons that follow, we amend in part, and affirm as amended.

## FACTUAL AND PROCEDURAL HISTORY

This appeal arises from the second of two *pro se* medical malpractice complaints filed by plaintiff/appellant herein, Alicia Brisco Bailey, on behalf of her deceased son Christopher Bailey. Christopher was admitted to Our Lady of the Lake Hospital (OLOL) in Baton Rouge on August 12, 2015. Defendant/appellee herein, Dr. Lannis Lee Tynes, treated Christopher for the first and only time on August 13, 2015. Christopher was discharged from OLOL on August 17, 2015. More than a year later, on September 6, 2016, Christopher died of natural causes.

Ms. Bailey filed her first request for a medical review panel to review the care provided to Christopher with the Commissioner of Administration (Commissioner) and the Patient's Compensation Fund (PCF) on August 1, 2017. The PCF designated the complaint as PCF File No. 2017-00805 (2017 complaint). Ms. Bailey named Dr. Tynes and numerous other healthcare providers as defendants, and sought "the formation of a medical review panel due to the medical malpractice, medical negligence, and [the] wrongful death of Christopher Anthony Bailey during the time frame of August 12, 2015 [through] September 6, 2016".

In response to the 2017 complaint, Dr. Tynes filed a peremptory exception raising the objection of prescription. Dr. Tynes argued that Ms. Bailey's claims against him were prescribed because they were filed more than one year after the sole date he provided treatment to Christopher, which was on August 13, 2015.[1] The trial court sustained the exception of prescription and dismissed Ms. Bailey's claims against Dr. Tynes, with prejudice, in a judgment dated August 6, 2019. Ms. Bailey filed a notice of intent to appeal the August 6, 2019 judgment on August 26, 2019. This Court affirmed

---

[1] Louisiana Revised Statutes 40:1231.8(B)(2)(a) provides that a health care provider may raise the exception of prescription under LSA-R.S. 9:5628(A) in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel. **Bailey v. Loewe**, 2019-0915 (La.App. 1 Cir. 8/3/20), --- So.3d ---, 2020 WL 4436824, *2, fn 1.

the trial court's dismissal of Dr. Tynes in **Bailey v. Loewe**, 2019-1201 (La.App. 1 Cir. 7/23/20), --- So.3d --- 2020 WL 4217631. Ms. Bailey then filed an application for writ of certiorari with the Louisiana Supreme Court, which was denied *sub nom* in **Bailey (D) v. Loewe**, 2020-01146 (La. 11/18/20), --- So.3d ---, 2020 WL 6778795.

On August 8, 2019, two days after the trial court dismissed Ms. Bailey's claims against Dr. Tynes in the 2017 complaint proceedings, Ms. Bailey filed her second request for a medical review panel with the Commissioner and the PCF. The PCF designated the complaint as PCF File No. 2019-00798 (2019 complaint). Ms. Bailey again sought review of "medical malpractice, medical negligence, and [the] wrongful death of Christopher Anthony Bailey during the time frame of August 12, 2015 [through] September 6, 2016." The 2019 complaint asserted the same claims against the same healthcare providers previously identified as defendants in the 2017 complaint, including Dr. Tynes, and further asserted claims against additional healthcare providers not previously identified in the 2017 complaint. On August 20, 2019, Ms. Bailey also filed the 2019 complaint with the 19th Judicial District Court, together with her request for authorization to proceed *in forma pauperis*.

Dr. Tynes responded to the 2019 complaint by filing exceptions raising the objections of *lis pendens*, prescription, and prematurity. Ms. Bailey opposed Dr. Tynes' exceptions, which were heard on October 29, 2019. With regard to the exception of *lis pendens*, Dr. Tynes maintained that the 2019 complaint should be dismissed because it asserted the same claims, arising from the same transaction or occurrence, as the 2017 complaint, which was then still pending on appeal. Ms. Bailey, representing herself, argued that she had obtained additional information after filing the 2017 complaint, and that the 2019 complaint was therefore distinct from the 2017 complaint. Ms. Bailey also indicated that her intent in filing the 2019 complaint with the trial court was not to file an additional suit, but to obtain *in forma pauperis* status regarding the 2019 complaint proceedings.

After considering the arguments of both parties, the trial court sustained the exception of *lis pendens* in favor of Dr. Tynes. The trial court further ordered that the exceptions of prescription and prematurity were moot given the ruling sustaining the

3

exception of *lis pendens*. Accordingly, the trial court dismissed any and all claims asserted against Dr. Tynes in the 2019 complaint. The trial court executed a written judgment in conformity with its ruling on November 9, 2019.[2] This appeal followed.

## DISCUSSION

In this matter, the procedural and factual situation at the time of our review is significantly changed from that at the time of the trial court's judgment.[3] When the trial court considered Dr. Tynes' exception of *lis pendens* in the 2019 complaint, Ms. Bailey's appeal of the judgment dismissing her claims in the 2017 complaint on the basis of prescription remained pending before this Court on appeal. In the interim, and as noted herein, this Court affirmed the trial court's judgment dismissing the 2017 complaint, and the Supreme Court denied writs of certiorari. A final judgment from which there can be no appeal acquires the authority of a thing adjudged, and no court has jurisdiction to change the judgment. **Ave. Plaza, L.L.C. v. Falgoust**, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079. Here, the trial court's August 6, 2019 judgment dismissing Dr. Tynes as a defendant to Ms. Bailey's 2017 complaint became a final and definitive judgment, and thus acquired the authority of a thing adjudged, when the Louisiana Supreme Court denied Ms. Bailey's application for certiorari writs *sub nom* in **Bailey (D) v. Loewe**, *supra*. See LSA-C.C.P. art. 2166(D) and (E); **Ave. Plaza, L.L.C.**, 676 So.2d at 1079.

The objection of *res judicata* may be noticed and supplied by an appellate court on its own motion. See LSA-C.C.P. art. 927(B); **Johnson v. Univ. Med. Ctr. in Lafayette**, 2013-0040 (La. 3/15/13), 109 So.3d 347, 349. The doctrine of *res judicata* is codified in LSA-R.S. 13:4231, which provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> ...

---

[2] A judgment that dismisses a party from a suit without adjudicating all of the issues in a case is a partial final judgment subject to immediate appeal pursuant to LSA-C.C.P. art. 1915(A)(1) without the need of the trial court's certification as such. **Cavalier v. Rivere's Trucking, Inc.**, 2003-2197 (La.App. 1 Cir. 9/17/04), 897 So.2d 38, 40. Accordingly, the November 9, 2019 judgment was a partial final judgment subject to immediate appeal under LSA-C.C.P. art. 1915(A)(1).

[3] In light of the change in the posture of the case, on March 19, 2021, this Court issued an interim order granting the parties leave to file supplemental briefs for the sole purpose of addressing the issue of *res judicata* as related to Ms. Bailey's arguments on appeal. Ms. Bailey did not file a supplemental brief within the time allowed. Dr. Tynes' supplemental brief was received and reviewed prior to the issuance of this opinion.

4

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Based on the language of the above statute, the Louisiana Supreme Court has established the following five elements that must be satisfied to support a finding that a second action is precluded by *res judicata*: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." **Chevron U.S.A., Inc. v. State**, 2007-2469 (La. 9/8/08), 993 So.2d 187, 194. Since the 1990 amendment to the *res judicata* statute, "the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." Chauvin v. Exxon Mobil Corp., 2014-0808 (La. 12/9/14), 158 So.3d 761, 765.

There is no dispute that the resolution of Ms. Bailey's 2017 complaint as to Dr. Tynes became valid and final when the Louisiana Supreme Court denied Ms. Bailey's application for certiorari writs *sub nom* in **Bailey (D) v. Loewe**, *supra*. Further, the parties are clearly the same: Ms. Bailey as plaintiff and Dr. Tynes as defendant. Therefore, the first three factors set forth in LSA-R.S. 13:4231 are met. See **Chauvin**, 158 So.3d at 766.

In addition, as set forth above and as reflected in the record before us,[4] Ms. Bailey's request in the 2019 complaint is identical to her request in the 2017 complaint: in both, she seeks "the formation of a medical review panel due to the medical malpractice, medical negligence, and wrongful death of Christopher Anthony Bailey during the time frame of August 12, 2015 – September 6, 2016." It is therefore clear that the causes of action asserted in the 2019 complaint existed at the time of the final

---

[4] The following exhibits were offered, introduced, and accepted into evidence during the October 29, 2019 hearing: the 2017 complaint; the August 6, 2019 judgment sustaining the peremptory objection of prescription and dismissing the 2017 complaint as to Dr. Tynes; the notice of Ms. Bailey's intent to appeal the August 6, 2019 judgment; this Court's notice of lodging and briefing schedule regarding Ms. Bailey's appeal of the August 6, 2019 judgment; the 2019 complaint; medical record excerpts; and Dr. Tynes' Certificate of Enrollment under LSA-R.S. 40:1231.1, *et seq.*, in effect from July 1, 2015 through July 1, 2016.

judgment in the 2017 complaint, satisfying the fourth factor set forth in LSA-R.S. 13:4231. It is likewise clear that the causes of action arose out of the same occurrence that was the subject of the first litigation, satisfying the fifth factor. See **Marchand v. Texas Brine Co., LLC**, 2019-0052 (La.App. 1 Cir. 12/27/19), 293 So.3d 1132, 1135, reh'g denied (Jan. 23, 2020), writ denied, 2020-00333 (La. 5/1/20), 295 So.3d 944. Accordingly, we find *sua sponte* that the judgment dismissing Ms. Bailey's claims against Dr. Tynes is now *res judicata.* Any further allegations or demands against Dr. Tynes arising from his treatment of Christopher Bailey on August 13, 2015, are barred. See **Johnson**, 109 So.3d at 349. Having found that the 2019 complaint is precluded by *res judicata,* we need not consider the propriety of the judgment granting Dr. Tynes' exception of *lis pendens* herein.

## CONCLUSION

For the reasons expressed in this opinion, we amend the August 6, 2019 judgment in part to sustain the exception raising the objection of *res judicata.* Ms. Bailey's claims against Dr. Tynes are dismissed with prejudice. Costs of this appeal are assessed to Ms. Bailey.

**AMENDED IN PART, AND AFFIRMED AS AMENDED.**